**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GEORGE P. CHAPMAN, JR.; BRENDA
J. GULLY CHAPMAN,
            *Plaintiffs-Appellants,*

            v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee, a German
national corporation; NATIONAL
DEFAULT SERVICING CORPORATION,
an Arizona corporation; HOMEQ
SERVICING CORPORATION, a
California corporation,
            *Defendants-Appellees.*

No. 10-15215

D.C. No.
3:09-cv-00228-RCJ
District of Nevada,
Reno

ORDER

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted
May 12, 2011—San Francisco, California

Filed June 23, 2011

Before: Ronald M. Gould and Milan D. Smith, Jr.,
Circuit Judges, and Amy J. St. Eve,, District Judge.*

---

*The Honorable Amy J. St. Eve, United States District Judge for the
Northern District of Illinois, sitting by designation.

## ORDER

"Where concurrent proceedings in state and federal court are both suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir. 1982) (footnote omitted). The property at issue in this quiet title action was also the subject of a previously filed unlawful detainer action that was proceeding concurrently in state court. In order to decide whether the federal District Court properly exercised jurisdiction over this action, we must determine whether Nevada law characterizes quiet title actions and unlawful detainer actions as *in rem*, *quasi in rem*, or *in personam*.

Because these questions of law are determinative of the matter pending before this court, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court, we respectfully certify to the Nevada Supreme Court the questions of law set forth in Part III of this order. *See* Nev. R. App. P. 5.

## I.   BACKGROUND

### A.   Quiet Title Action

This appeal stems from a complaint (the Quiet Title Action) filed by Plaintiffs-Appellants George and Brenda Chapman (the Chapmans) against Defendants-Appellees Deutsche Bank National Trust Company (Deutsche Bank), National Default Servicing Corporation, and HomEq Servicing Corporation (collectively, the Defendants). The complaint was filed in the Second Judicial District Court of the State of Nevada (the state District Court), and was subsequently removed to the United States District Court for the District of Nevada (the federal District Court).

In their complaint, the Chapmans alleged that "[t]hey fell behind on payments on [their] mortgage," and the Defendants

initiated non-judicial foreclosure proceedings against the Chapmans' home (the Property). Deutsche Bank then purchased the Property at an October 2008 trustee's sale.

According to the complaint, the Defendants' conduct allegedly violated two rules governing trustee's sales under Nevada law: first, the Chapmans "were never given statutory notice of the default" or "notice of trustee's sale" as required by Nevada Revised Statutes § 107.080, and second, the Defendants did not "own[ ] [the Chapmans'] promissory note or their deed of trust," thus barring them from foreclosing and obtaining title to the Property. The Chapmans sought the following relief: (1) declaratory relief determining that the trustee's sale was void ab initio, (2) a quiet title judgment determining that they are owners of the Property in fee simple, and that the Defendants "have no right, title, estates, lien or interest in the Property," and (3) actual and punitive damages on account of the Defendants' "massively disorganized" conduct and "open disregard for the law." Fairly read, the Chapmans' complaint included two causes of action: a common-law claim for the tort of wrongful foreclosure, *see Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983), and a statutory claim for quiet title, *see* Nev. Rev. Stat. § 40.010.

## B.   Unlawful Detainer Action

Approximately three months prior to the time that the Chapmans filed the Quiet Title Action, Deutsche Bank initiated unlawful detainer proceedings (the Unlawful Detainer Action) against the Chapmans in the Reno Justice Court of the State of Nevada. Deutsche Bank alleged that it was the owner of the Property, and accordingly requested restitution of the premises from the Chapmans. From the record presented to us, it appears that the Justice Court did not take any action in the Unlawful Detainer Action until after the Quiet Title Action was filed in state District Court.

## C.   State and Federal Court Proceedings

After the Chapmans filed their Quiet Title Action against Defendants, but before Defendants removed that action to federal court, the Chapmans filed a motion in the Unlawful Detainer Action to transfer that case from the state Justice Court to the state District Court, where the Quiet Title Action was pending. While the motion to transfer was pending in state Justice Court, the Defendants removed the Quiet Title Action to federal court. A week later, the state Justice Court transferred the Unlawful Detainer Action to the state District Court.

In the federal proceedings, the Chapmans filed a motion to remand the action to state court under 28 U.S.C. § 1447(c). The Chapmans contended (in relevant part) that the federal court should abstain or dismiss the Quiet Title Action because the Unlawful Detainer Action was proceeding simultaneously in state court. The Defendants then filed a motion to dismiss the Quiet Title Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). After holding a hearing on the motions, during which the Chapmans' attorney informed the court that the Unlawful Detainer Action remained pending in state District Court, the court denied the motion to remand and granted the motion to dismiss the complaint. The Chapmans timely appeal.

## II.   DISCUSSION

## A.   Jurisdiction and Standard of Review

We have jurisdiction over "all final decisions" issued by federal district courts. 28 U.S.C. § 1291. "Ordinarily an order dismissing the complaint rather than dismissing the action is not a final order and thus not appealable. However, if it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983

(9th Cir. 2000) (alteration and internal quotation marks omitted). Here, the federal District Court intended to fully and finally resolve this action. The court did not permit the Chapmans to amend their complaint, *see, e.g.*, *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001), and, after considering various pieces of evidence extrinsic to the complaint, the court determined conclusively that the "Defendants complied with the non-judicial foreclosure requirements established under Nevada law." We therefore have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's denial of a motion to remand to state court for lack of federal subject matter jurisdiction. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002). Determinations regarding subject matter jurisdiction are reviewed de novo, and factual findings underlying those determinations are reviewed for clear error. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). We review underlying determinations of state law de novo. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991).

## B.   Prior Exclusive Jurisdiction Doctrine

Before we can address the merits of the Chapmans' appeal, we must determine whether the federal District Court had jurisdiction to decide the Quiet Title Action while the Unlawful Detainer Action remained pending in the state District Court. Ordinarily, " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.' " *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, "[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Id.*

Relying on the "prior exclusive jurisdiction" doctrine, the Chapmans contend that the federal District Court should have

remanded the Quiet Title Action to state court. The prior exclusive jurisdiction doctrine holds that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466-67 (1939). "Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 810 (9th Cir. 2003) (citations and internal quotation marks omitted). As summarized by the Supreme Court:

> Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

*Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922).

When applying the doctrine, courts should not "exalt form over necessity," but instead should "look behind the form of the action to the gravamen of a complaint and the nature of the right sued on." *State Eng'r*, 339 F.3d at 810 (internal quotation marks omitted). If the action is not " '*strictly* in personam' "—that is, if the action is *in rem* or *quasi in rem*— then the doctrine ordinarily applies. *Id.* at 811 (quoting *Penn. Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)). Accordingly, where parallel state and federal proceedings seek to " 'determine interests in specific property as against the whole world' " (*in rem*), or where

" 'the parties' interests in the property . . . serve as the basis of the jurisdiction' " for the parallel proceedings (*quasi in rem*), then "the doctrine of prior exclusive jurisdiction fully applies." *Id.* (alterations omitted) (quoting *Black's Law Dictionary* 1245 (6th ed. 1990)).

Whether the doctrine is described as a rule of comity or subject matter jurisdiction, *see id.* at 810 (subject matter jurisdiction); *Metro. Finance Corp. of Cal. v. Wood*, 175 F.2d 209, 210 & n.3 (9th Cir. 1949) (comity); *see generally* 13F Charles Alan Wright et al., *Federal Practice & Procedure* § 3631 (3d ed. Supp. 2010) (noting conflicting views), courts in this circuit are bound to treat the doctrine as a mandatory rule, not a matter of judicial discretion, *State Eng'r*, 339 F.3d at 810; *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989). If the doctrine applies, federal courts may not exercise jurisdiction.[1]

## C.   Application of Prior Exclusive Jurisdiction Doctrine

### 1.   Priority of Concurrent Actions

"Where the assertion of jurisdiction by the two courts is nearly simultaneous, it becomes important . . . to determine the precise time when the jurisdiction attaches." *Penn. Gen.*

---

[1]Applying this rule, we have affirmed a district court decision remanding a federal action to state court, *State Eng'r*, 339 F.3d at 814; affirmed a district court decision staying federal proceedings pending the outcome of state proceedings, *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992) (per curiam); and vacated a district court judgment while remanding "for further factual determination" regarding the doctrine's application, *One 1985 Cadillac Seville*, 866 F.2d at 1146. In other words, if the doctrine applies, it is legal error for a district court not to remand, dismiss, or stay federal proceedings on account of the state court's prior exercise of jurisdiction, and any decision on the merits must be vacated. *E.g.*, *40235 Washington St. Corp.*, 976 F.2d at 589 ("[W]e vacate the district court's alternate holding on the merits."); *One 1985 Cadillac Seville*, 866 F.2d at 1146 ("We thus reverse the order of summary judgment forfeiting $434,097.").

*Cas. Co.*, 294 U.S. at 196. The Nevada Justice Court first asserted jurisdiction over the Unlawful Detainer Action when Deutsche Bank filed its complaint on December 30, 2008, and the federal District Court obtained jurisdiction over the Quiet Title Action when Defendants filed their notice of removal on April 29, 2009, *see Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994) ("[T]he state court loses jurisdiction upon the filing of the petition for removal.").[2]

---

[2]The federal District Court properly concluded that the Quiet Title Action satisfied the diversity jurisdiction requirements of 28 U.S.C. § 1332(a)(1), and the removal requirements of 28 U.S.C. §§ 1441(a) and 1446(a)-(b). It is undisputed that the parties are of diverse citizenship, and, contrary to the Chapmans' contention during oral argument, the District Court properly held that this action satisfies the $75,000 amount-in-controversy requirement. " 'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' " *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Here, the object in litigation is the Property, which was assessed at a value of more than $200,000, and therefore satisfies the amount-in-controversy requirement. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale); *Woodside v. Ciceroni*, 93 F. 1, 4 (9th Cir. 1899) ("In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends.").

The District Court also properly rejected the Chapmans' argument that the Defendants "waived their right to remove this action" on account of their conduct in state court. A defendant " 'may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.' " *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 649 (9th Cir. 2003) (quoting *Bayside Developers*, 43 F.3d at 1240). However, such waiver " 'must be clear and unequivocal.' " *Id.* (quoting *Bayside Developers*, 43 F.3d at 1240). The Defendants did not file any pleadings in the Quiet Title Action prior to removing it to federal court, and did not engage in any "actions . . . that manifest[ed] [their] intent to have the matter adjudicated there, and to abandon [their] right to a federal forum." *Id.* (internal quotation marks omitted). We find no merit in the Chapmans' argument that the Defendants waived their right to

Because the state Justice Court exercised jurisdiction over the Unlawful Detainer Action before the federal court exercised jurisdiction over the Quiet Title Action, the state court's exercise of jurisdiction takes priority.

### 2.  Characterization of Concurrent Actions

We therefore must determine whether the two actions are characterized as *in rem*, *quasi in rem*, or *in personam* under Nevada law. If both the Unlawful Detainer Action and the Quiet Title Action are characterized as *in rem* or *quasi in rem*, the prior exclusive jurisdiction doctrine applies. For the following reasons, we conclude that the characterization of these two actions is an open question of Nevada state law.

In order to characterize the actions as *in rem*, *quasi in rem*, or *in personam*, we first must "look behind the form of the action[s] to the gravamen of [the] complaint[s] and the nature of the right[s] sued on." *State Eng'r*, 339 F.3d at 810 (internal quotation marks omitted). The gravamen of the Unlawful Detainer Action is self-evident. The complaint in the Unlawful Detainer Action asserts a single cause of action and requests a single form of relief: possession of the Property. Nev. Rev. Stat. § 40.255(1)(c); *see Gibby's Inc. v. Aylett*, 96 Nev. 678, 680, 615 P.2d 949, 951 (1980) ("Unlawful detainer is an action designed to afford to a landlord a summary remedy for the recovery of demised premises." (internal quotation marks omitted)). The Quiet Title Action likewise involves a dispute over the Property. The Chapmans request that the October 2008 trustee's sale be declared void, and that the Chapmans be declared owners of the Property in fee simple.

---

remove the Quiet Title Action because the Defendants previously filed the Unlawful Detainer Action in state court. "A defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit." *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000) (citing *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 247 (S.D. Fla. 1982), *aff'd after trial*, 793 F.2d 1196 (11th Cir. 1986)).

*See* Nev. Rev. Stat. § 107.080(5)(a) (providing that a trustee's sale "may be declared void" if the statutory foreclosure requirements are not "substantially compl[ied]" with); *Title Ins. & Trust Co. v. Chi. Title Ins. Co.*, 97 Nev. 523, 527, 634 P.2d 1216, 1218 (1981) (voiding sale where statutory notice was not given). Although they also seek actual and punitive damages, any damages that the Chapmans recover with respect to their wrongful foreclosure tort claim are incidental to the central relief requested in the complaint: possession of, and title to, the Property. The gravamen of the Quiet Title Action is therefore a claim for quiet title: the Defendants "claim[ ] an . . . interest in real property, adverse to the" Chapmans, and the Chapmans brought the action "for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.

We are not aware of any controlling precedents regarding the characterization of quiet title actions and unlawful detainer actions under Nevada law.[3] Nevada follows general

---

[3]Faced with a similar pairing of cases—one action involving a dispute over possession of a property (as with the Unlawful Detainer Action), and a separate action involving a dispute over ownership of that property (as with the Quiet Title Action)—a number of circuit courts (including our own) have invoked the prior exclusive jurisdiction doctrine to dismiss, remand, or enjoin the second-filed action. *See Crossman v. Fontainebleau Hotel Corp.*, 273 F.2d 720, 729 (5th Cir. 1959) (holding that state unlawful detainer action should be enjoined during pendency of prior-filed federal action for declaratory relief regarding ownership of lease interest); *Wolf v. Dist. Court*, 235 F. 69, 73 (9th Cir. 1916) (holding that federal action regarding possession of property should be stayed pending prior-filed state action regarding ownership); *Westfeldt v. N.C. Mining Co.*, 166 F. 706, 711-12 (Fuller, Circuit Justice, 4th Cir. 1909) (holding that federal quiet title action must be dismissed because prior-filed ejectment action was pending in state court); *McAlpine v. Tourtelotte*, 24 F. 69, 70-71 (Miller, Circuit Justice, C.C.D. Kan. 1885) (same).

Despite these persuasive precedents, the outcome here depends entirely upon Nevada law's characterization of quiet title actions and unlawful detainer actions. If either action is *in personam*, then the prior exclusive jurisdiction doctrine will not apply. *E.g.*, *Knaefler v. Mack*, 680 F.2d 671,

common-law principles distinguishing *in rem* actions from *in personam* actions. "A judgment *in rem* is an adjudication pronounced upon the *status* of some particular subject-matter," whereas a judgment *in personam* operates "between the parties claiming the right." *State v. Cent. Pac. R.R.*, 10 Nev. 47, 80 (1875) (internal quotation marks omitted), *overruled on other grounds by State ex rel. State Bd. of Equalization v.* Barta, 124 Nev. 58, 188 P.3d 1092, 1102 (2008). "Judgments *in personam* are binding only upon parties and privies, but judgments *in rem* are binding not only upon parties and privies but also upon strangers." *Id. Quasi in rem* actions lie between *in rem* and *in personam*:

> A judgment quasi in rem, like a judgment in rem, affects interests in a thing; but unlike a judgment in rem it affects the interests of only particular persons in the thing and not the interests of all persons in the thing. It differs from a personal judgment in that it does not impose a personal liability or obligation upon anyone.

Restatement (Second) of Conflict of Laws, ch. 3, intro. note (1971).

Applying these general rules, courts in other jurisdictions have issued conflicting statements about the proper characterization of quiet title and unlawful detainer actions. Courts have described quiet title actions as *in rem*, *e.g.*, *40235 Washington St. Corp.*, 976 F.2d at 589 ("A quiet title action is a proceeding *in rem*."); *in personam*, *e.g.*, *Nevada v. United States*, 463 U.S. 110, 143-44 (1983) ("[Q]uiet title actions are

---

675-76 (9th Cir. 1982) (holding that later-filed federal ejectment action need not be dismissed during pendency of prior-filed state foreclosure action, because ejectment is *in personam* under Hawaii law); *Lefkowitz v. McQuagge*, 296 F.2d 50, 52 (5th Cir. 1961) (reversing dismissal of federal ejectment action where prior-filed state-court ejectment action was *in personam* under Florida law).

*in personam* actions . . . ."); and *quasi in rem*, *e.g.*, *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) ("Suits to quiet title . . . may be characterized as quasi in rem."). Likewise, courts have described unlawful detainer (or ejectment or eviction[4]) actions as *in rem*, *e.g.*, *Hepburn & Dundas' Heirs & Ex'rs v. Dunlop & Co.*, 14 U.S. (1 Wheat.) 179, 203 n.4 (1816) ("[I]n real actions and ejectment . . . the proceedings are *in rem* . . . ."); *in personam*, *e.g.*, *Knaefler*, 680 F.2d at 676 ("[T]he ejectment claims at issue here are in personam actions under Hawaii law."); and *quasi in rem*, *e.g.*, *United States v. Fairway Capital Corp.*, 483 F.3d 34, 40-41 (1st Cir. 2007).

The closest authority we have identified under Nevada law is *Robinson v. Kind*, 23 Nev. 330, 339, 47 P. 977 (1897) (order denying petition for rehearing). That case involved a suit "to cancel a deed of conveyance . . . and revest the title in the plaintiff." *Id.* at 342, 47 P. at 978. The court explained that an action between individuals for declaratory relief regarding the status of real property is *in rem* or *quasi in rem*:

> Where a court of equity is empowered to cancel a deed and establish title to land within its jurisdiction by mere force of its decree, to that extent its action is *in rem*.
>
> In *Galpin v. Page*, [9 F. Cas. 1126 (Field, Circuit Justice, C.C.D. Cal. 1874) (No. 5,206)], the court held that proceedings which are in form personal suits, but which seek to subject property brought by existing lien or by attachment under the control of the court, and those which seek to dispose of property, or relate to some interest therein, but which touch the property or interest only through the judg-

---

[4]*See, e.g.*, 9 Richard R. Powell et al., *Powell on Real Property* § 68.09[2][a] (Supp. 2011) (describing unlawful detainer as a "statutory substitute" for common-law ejectment action).

ment recovered, while not strictly proceedings *in rem*, so far as they affect property in the state, are treated substantially as such proceedings. . . .

The case at bar is substantially a proceeding *in rem*. Its direct object is to reach and dispose of the property of the parties described in the complaint. The decree of the trial court is substantially a decree *in rem*.

*Id.* at 342-43, 47 P. at 978-79 (citation omitted).

This statement suggests that both the Quiet Title Action and the Unlawful Detainer Action are substantially *in rem*, or perhaps *quasi in rem*, because these actions require courts to determine the parties' respective possessory and/or ownership interests in the Property. However, *Robinson* is not conclusive of the issues presented in this appeal. The principles underlying *in rem* actions have changed since *Robinson* was issued, *see, e.g.*, Restatement (Second) of Judgments § 6 cmt. a (1982) ("[T]he notice requirement may erase the distinction between in rem and quasi in rem proceedings. It is therefore questionable whether the traditional distinction is useful for any purpose."), and persuasive authorities have disagreed with the conclusions stated in *Robinson*, *see, e.g.*, *Nevada v. United States*, 463 U.S. at 143-44. In addition, as Defendants observed at oral argument, *Robinson* might be distinguished on its facts, as it involved an action to cancel a deed of conveyance, not a statutory action for quiet title, Nev. Rev. Stat. § 40.010; improper foreclosure, Nev. Rev. Stat. § 107.080(5)(a); or unlawful detainer, Nev. Rev. Stat. § 40.255(1)(c).

We believe that the Nevada Supreme Court should have an opportunity to decide these questions in the first instance. The resolution of these questions will determine the outcome of this appeal, because if both the Quiet Title Action and the Unlawful Detainer Action are characterized as *in rem* or *quasi*

*in rem*, then the prior exclusive jurisdiction doctrine requires us to vacate the District Court's dismissal of the Quiet Title Action.

## III.   THE QUESTIONS CERTIFIED

The questions of law we certify are:

1.   Is a quiet title action under Nevada Revised Statutes § 40.010, which is premised on an allegedly invalid trustee's sale under Nevada Revised Statutes § 107.080(5)(a), properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?

2.   Is an unlawful detainer action under Nevada Revised Statutes § 40.255(1)(c) properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?

## IV.   CONCLUSION

Because these open questions of Nevada state law will determine the outcome of this case, we respectfully request that the Nevada Supreme Court accept and decide the questions certified. We agree to abide by the Nevada Supreme Court's decision, as specified by Nevada Rule of Appellate Procedure 5(h), which provides that "[t]he written opinion of the Supreme Court stating the law governing the questions certified . . . shall be res judicata as to the parties."

The clerk of this court shall forward a copy of this order, under official seal, to the Nevada Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court. The parties shall notify the clerk of this court within seven (7) days of any decision by the Nevada Supreme Court to accept or decline certification, and, if the Nevada Supreme Court accepts certification, the parties shall then notify the clerk of this court within seven (7) days of the issuance of that Court's opinion.

If the Nevada Supreme Court accepts certification, Plaintiffs-Appellants George and Brenda Chapman shall be the appellants in that Court, and Defendants-Appellees Deutsche Bank National Trust Company, National Default Servicing Corporation, and HomEq Servicing Corporation shall be the respondents. As required by Nevada Rule of Appellate Procedure 5(c)(5), the names and addresses of counsel appear in the appendix.

**IT IS SO ORDERED.**

Respectfully submitted,

Ronald M. Gould and Milan D. Smith, Jr., Circuit Judges, and Amy J. St. Eve, District Judge.

Ronald M. Gould
United States Circuit Judge, presiding

**APPENDIX**

Terry J. Thomas, 7330 Hunter Glen Drive, Reno, NV 89523; Geoffrey Lynn Giles, P.O. Box 93, Reno, NV 89504, for the plaintiffs-appellants.

Jeffrey S. Allison, Houser & Allison, 9970 Research Drive, Suite 100, Irvine, CA 92618; Stephanie Cooper Herdman, The Cooper Castle Law Firm, LLP, 820 South Valley View Boulevard, Las Vegas, NV 89107, for the defendants-appellees.